IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

ROBERT CLARK, *on behalf of himself and all others similarly situated*,

Plaintiff,

v.

Case No.

EQUIFAX INC.,

Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant Equifax Inc. ("Equifax") removes this purported class action from the District Court of Denver County, Colorado, to the United States District Court for the District of Colorado. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, based on the following facts, which show that this case may properly be removed to this Court:

**PROCEDURAL HISTORY**

1. Plaintiff Robert Clark ("Plaintiff") sued Equifax in a civil action titled *Clark v. Equifax* on June 4, 2026, in the District Court of Denver County, Colorado, Case No. 2026CV32051 (the "State Court Action").

2. Plaintiff served Equifax on June 5, 2026.

3. Plaintiff alleges, on behalf of a putative class, that Equifax violated Colo. Rev. Stat. § 6-1-304, the "Prevention of Telemarketing Fraud Act" ("PTFA"), by listing cellular telephone numbers in for-sale and for-profit directories without the individuals' consent to such listings. *See* Compl. at 1; *id.* ¶¶ 6-9.

4. On behalf of himself and the putative class, Plaintiff seeks statutory penalties under Colo. Rev. Stat. § 6-1-305(1)(c), reasonable attorneys' fees and litigation costs, declaratory relief, injunctive and other equitable relief, and pre- and post-judgment interest. *See* Compl. at 11-12.

5. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Equifax in the State Court Action, together with a copy of the state court docket sheet, is attached hereto as **Exhibit A.**

## VENUE AND JURISDICTION

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 85, 1391, 1441(a), 1446(a), and 1453(b) because the District Court of Denver County, Colorado, where Plaintiff filed the Complaint, is a state court within the District of Colorado. Equifax is removing this action to the United States District Court for the District of Colorado, which is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a).

7. As set forth more fully below, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

8. All other requirements for removal have been satisfied.

## BASIS FOR REMOVAL

### I. JURISDICTION IS PROPER IN THIS COURT PURSUANT TO 28 U.S.C. § 1332(d)

9. This case may be removed to this Court pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA").

10. CAFA confers federal jurisdiction over class actions where (1) the putative class contains at least 100 class members; (2) any member of the putative class is a citizen of a State

different from that of any defendant; and (3) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

11. The Supreme Court has advised that "no antiremoval presumption attends cases invoking CAFA," in part because the statute was enacted "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.*

12. Based on the allegations in the Complaint, each of CAFA's requirements is satisfied here.

13. First, CAFA's numerosity requirement is satisfied because Plaintiff alleges that "[t]he Class is composed of at least thousands of individuals." *See* Compl. ¶ 29.

14. Second, CAFA's minimal-diversity requirement is satisfied. Minimal diversity exists where at least one class member "is a citizen of a State different from any defendant"—*i.e.,* Equifax. 28 U.S.C. § 1332(d)(2)(A).

15. Equifax is a Georgia corporation with its principal place of business in Georgia. *See* Compl. ¶ 11; *see also* 28 U.S.C. § 1332(c)(1).

16. The named Plaintiff alleges that he is a member of the putative class. He also alleges that "Plaintiff Robert Clark is, and has been at all relevant times, a resident and citizen of Colorado Springs, Colorado." Compl. ¶ 10. And Plaintiff seeks to represent a class of "all Colorado residents." *Id.* ¶ 27. Because Plaintiff and the putative class members are citizens and residents of Colorado, and Equifax is a citizen of Georgia, at least one member of the putative class is a citizen of a State different from Defendant, and minimal diversity exists.

17. Third, CAFA's $5 million amount-in-controversy requirement is satisfied. A removing defendant's notice "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "[e]vidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 88-89. A case "belongs in federal court unless it is legally impossible for the plaintiff to recover" the jurisdictional amount. *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 914 (10th Cir. 2016). Plaintiff alleges that "[t]he Class is composed of at least thousands of individuals," Compl. ¶ 29, and each class member seeks the statutory penalties prescribed by Colo. Rev. Stat. § 6-1-305(1)(c)—"at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not more than one thousand dollars for each second or subsequent offense," Compl. at 11—together with reasonable attorneys' fees and declaratory and injunctive relief, *id.* at 11-12.

18. Plaintiff's request for statutory penalties alone places well over $5 million in controversy. Plaintiff does not cap the number of "offenses" per class member. Plaintiff does allege, however, that Equifax listed putative class members' numbers across six separate products—BusinessConnect for Marketing, Contact and Locate, Digital Identity Trust, FirstSearch, Marketing Identity Elements, and TargetPoint Alerts—and seeks "at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not more than one thousand dollars for each second or subsequent offense." *Id.* ¶¶ 18, 27, 38; *id.* at 11. By way of illustration, a single $300 first-offense penalty per member would meet the threshold for a class of approximately 16,667, and a single $1,000 penalty per

member would do so for a class of 5,000—and Plaintiff alleges there are "at least thousands" of class members, each potentially seeking multiple per-offense penalties.

19. Plaintiff also seeks reasonable attorneys' fees, which are authorized under the PTFA and thus properly counted toward the amount in controversy. *Id.* at 11-12; *see, e.g.*, *Payne v. Tri-State Careflight, LLC*, 322 F.R.D. 647, 677 (D.N.M. 2017) ("The Tenth Circuit . . . assesses all of the damages alleged, [including] statutorily permitted attorneys' fees."); Colo. Rev. Stat. § 6-1-305 (authorizing a PTFA plaintiff to recover attorneys' fees).

20. Plaintiff additionally seeks declaratory and injunctive relief requiring Equifax to comply with the PTFA. Compl. at 11-12. In actions seeking such relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). The value of the requested injunction independently supports the amount in controversy.

21. Accordingly, CAFA's $5 million amount-in-controversy requirement is satisfied. Equifax does not concede that Plaintiff or the putative class may recover statutory penalties, that any class is certifiable, or that these figures reflect any damages to which Plaintiff or the putative class members are entitled. Equifax expressly reserves all defenses including but not limited to those related to service of process and lack of personal jurisdiction. But the amount in controversy is measured by the allegations and the relief Plaintiff has placed at issue, and Plaintiff's allegations and requested relief satisfy the $5 million threshold.

## II. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

22. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days after Equifax received a copy of "the initial pleading setting forth the claim for relief upon

which such action or proceeding is based." 28 U.S.C. § 1446(b). Plaintiff served Equifax on June 5, 2026. *See* 28 U.S.C. § 1446(b)(1) (deadline for removal is 30 days after service). The thirtieth day after service is July 5, 2026, which falls on a Sunday. Under Federal Rule of Civil Procedure 6(a)(1)(C), when the last day of a period falls on a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See Jones & Laughlin Steel Corp. v. Gridiron Steel Co.*, 382 U.S. 32 (1965) (*per curiam*) (filing on the Monday following a Saturday deadline was timely under Rule 6(a)); *Navarrete v. Hidalgo-Mendoza*, No. 20-CV-01910-CMA-STV, 2021 WL 838269, at *2 (D. Colo. Mar. 5, 2021) ("Under F.R.C.P. 6(a)(3), when a filing deadline falls on a Saturday, Sunday, or legal holiday, the deadline is automatically extended to the next business day. This rule applies to the filing deadline for a notice of removal under § 1446."). Equifax's deadline to remove is therefore July 6, 2026, and this Notice of Removal is timely filed.

23. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, written notice of such filing will be served by the undersigned on Plaintiff's Counsel of Record, and a copy of the Notice of Removal will be filed with the District Court of Denver County, Colorado.

24. As of the date of this Notice of Removal, Equifax has not filed a responsive pleading to the Complaint, and the time for Equifax to answer, move, or otherwise plead with respect to the Complaint has not yet expired. Equifax will respond to the Complaint in this Court within the period allowed under Federal Rule of Civil Procedure 81(c)(2) or any extension thereof. Equifax reserves all rights to assert any and all defenses or otherwise respond to the Complaint. Equifax further reserves the right to amend or supplement this Notice of Removal.

## CONCLUSION

25. Although Plaintiff's claims fail on the merits, this Court nonetheless has original jurisdiction over this action, and the action may be removed to this Court pursuant to CAFA.

26. For all the reasons stated above, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

WHEREFORE, Equifax respectfully removes this action from the District Court of Denver County, Colorado to the United States District Court for the District of Colorado, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453(b).

This 2d day of July 2026.

*<u>/s/ Zachary A. McEntyre</u>*
Zachary A. McEntyre (GA Bar No. 653571)
zmcentyre@kslaw.com
J. Matthew Brigman (GA Bar No. 254905)
mbrigman@kslaw.com
KING & SPALDING LLP
1180 Peachtree St. NE
Atlanta, Georgia 30309
P: (404) 572-4600
F: (404) 572-5140

Angela Tarasi (CO Bar No. 45250)
atarasi@kslaw.com
KING & SPALDING LLP
1401 Lawrence Street, Suite 1900
Denver, CO 80202
P: (720) 535-2300
F: (720) 535-2400

*Counsel for Defendant Equifax Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, I served a copy of the foregoing Notice of Removal on counsel for all parties via U.S. Mail and email at the following addresses.

Patrick H. Peluso
PELUSO LAW LLC
865 Albion Street, Suite 250
Denver, CO 80220
Email: ppeluso@pelusolawfirm.com

Joseph I. Marchese
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Email: jmarchese@bursor.com

Matthew A. Girardi
BURSOR & FISHER, P.A.
50 Main Street, Suite 475
White Plains, NY 10106
Email: mgirardi@bursor.com

*/s/ Zachary A. McEntyre*
Zachary A. McEntyre