# Exhibit D

<table>
<tr><td>DISTRICT COURT, CITY & COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street,<br>Denver, CO 80202</td><td rowspan="2">DATE FILED<br>June 4, 2026 11:42 AM<br>CASE NUMBER: 2026CV32051<br><br>▲ COURT USE ONLY ▲</td></tr>
<tr><td>Plaintiff:<br>CLARK, ROBERT<br><br>v.<br><br>Defendant:<br><br>EQUIFAX INC</td></tr>
<tr><td></td><td>Case Number: 2026CV32051<br><br>Courtroom: 269</td></tr>
<tr><td colspan="2">PRETRIAL ORDER</td></tr>
</table>

Counsel and self-represented parties are expected to familiarize themselves with the contents of this Order and all of its requirements. Questions regarding the contents or interpretations of this Order should be raised **before** trial and will not be addressed during trial.

Plaintiff shall serve copies of this Pretrial Order on any self-represented parties, pursuant to C.R.C.P. 5, and file a certificate of service with the Court within 7 days of the date thereof. In the event of any conflict between this Pretrial Order and C.R.C.P. 16 or 121, this Order shall govern.

## I. Case Management Order and Trial Dates

1. The provisions of C.R.C.P. 16 concerning a presumptive Case Management Order (CMO) will apply. If all parties have not participated in the preparation of a Presumptive CMO, that fact shall be noted in the title of the Proposed CMO.

2. The case shall be set for trial not later than **14 days** from the date the case is at issue. Trial settings may only be obtained from the Division Clerk by calling (303) 606-2405. Setting times are Tuesday through Thursday between the hours of 10:00 a.m. and noon. Any case set for more than five (5) trial days or beyond one year will require a trial setting conference with counsel present.

3. The Notice to Set Trial should also include a Notice to Set a Case Management Conference. Case Management Conferences need not be included in the Notice to Set only in the limited instance of cases under C.R.C.P. 16.1 where all parties are represented by counsel.

4. Please file the Notice to Set at least 48 hours before the requested setting date. Your notice must include how many days will be needed for trial and whether a jury trial or a court trial is requested.

5. In most instances, cases will not be set for trial more than 360 days from the filing of the Complaint or for longer than 5 days without the Court's permission.

## II. <u>Duty to Confer</u>

The Court expects complete and good faith compliance with C.R.C.P. 121 § 1-12(1) and (5), and § 1-15(8).

1. Counsel, or self-represented parties, are expected to initiate efforts to confer well enough before the anticipated filing date to enable two-way communication. Certification that a telephone call, e-mail or text was directed to opposing counsel or the opposing party fewer than 24 hours before the pleading was intended to be filed and "no response" was received is *per se* not a good faith effort.

2. It is the expectation of the Court that counsel confer either face-to-face or via telephone; the Court regards a letter or e-mail message to constitute "notice," but not a sufficient attempt to confer.

3. If attempts to confer are unsuccessful, the certification must describe the attempts.

4. The duty to confer applies to all motions, including those filed under Rule 12, unless a rule or statute provides that conferral is not required.

5. Any pleading not in compliance with C.R.C.P. 121 and this Order will be stricken.

## III. <u>Discovery Disputes</u>

The purpose of this procedure is to ensure expedited and inexpensive resolution of discovery disputes. The following procedures will be in effect in this case:

1. If there is a discovery dispute, counsel, or self-represented parties, are expected to confer in a meaningful way to try to resolve it.

2. **NO WRITTEN DISCOVERY MOTIONS WILL BE ACCEPTED**. The Court will address all discovery disputes with a discovery hearing (in-person, or by WebEx) instead of by formal written motions. The purpose of this procedure is to ensure expedited and inexpensive resolution of discovery disputes.

3. If counsel, or self-represented parties, cannot resolve the dispute, they should contact the Division Clerk during setting times (Tuesday, Wednesday, Thursday from 10 am – 12 noon) at (303) 606-2405 to set a hearing. If counsel cannot agree on a date, the Court will set the hearing date.

4. Discovery shall be conducted in accordance with the attached Discovery Protocol.

## IV. **Other Written Motions**

1. Extensions of Time: Stipulated agreements to extend the dates for filing discovery responses, objections, and disclosures do not need to be filed with the Court.

2. Motions to Continue Trial: Motions to continue trial dates, even if stipulated, will not be granted as a matter of course, and will only be granted for good cause shown.

3. Motions to Dismiss: Parties must confer before filing motions to dismiss under Rule 12 (see § II above). Many issues raised under Rule 12, particularly Rule 12(b)(5), may be resolved through conferral. Failure to confer may result in the motion being stricken. Successive or piecemeal Rule 12 motions are prohibited. Parties shall file a single motion to dismiss that raises all arguments under Rule 12, if applicable.

4. Summary Judgment: Motions for summary judgment must be filed no later than 91 days (13 weeks) before trial. The Court will generally not grant extensions of time to file summary judgment motions. The late filing of motions for summary judgment or repeated granting of extensions of time to file such, does not permit the Court sufficient time to rule in advance of trial. Failure to comply with the motions deadlines stated herein may result in a delayed or no ruling from the Court before trial.

5. Motions in Limine: A motion in limine must be filed no later than 35 days before trial unless a different time is permitted by Court order, and any responses must be filed 7 days later (at least 28 days before trial). Each party may file one, omnibus motion in limine, which is subject to the page limits in Rule 121, § 1-15. No replies are permitted on motions in limine. Motions in limine are to resolve the admissibility of particular points of evidence. They should not be used to resolve dispositive issues or challenge the substance of expert testimony.

6. Expert Challenges: Motions challenging expert testimony pursuant to C.R.E. 702 must be filed no later than 70 days before trial.

7. All other pretrial motions must be filed not later than 35 days before trial unless otherwise ordered by the Court.

8. If an expedited ruling is desired, the moving party must specifically request an expedited schedule in the original motion and the moving party must contact the Division Clerk to advise of this request. The Court may *sua sponte* expedite the briefing schedule pursuant to C.R.C.P. 121,§ 1-15.

9. The Court may rule on motions without hearing, pursuant to C.R.C.P. 121, or the Court may order a hearing prior to trial.

## V. **Webex Hearings**

When the Court holds proceedings on WebEx, counsel must have video cameras turned on throughout the hearing. Counsel are expected to treat the appearance with the same care and professionalism that they would apply to an in-person appearance.

## VI. <u>Trial Management Order</u>

1. Plaintiff's counsel, or responsible counsel, is required to prepare and submit a signed Trial Management Order (TMO) 28 days before the date of trial. The TMO shall comport with the provisions set forth in C.R.C.P. 16(f). **ALL parties must participate in the preparation of the TMO.**

2. Matters subject to C.R.C.P. 16.1 shall also prepare and submit a signed TMO.

3. After the parties have filed the TMO, they should contact the Courtroom Clerk at (303) 606-2405 to set a Trial Management Conference. The Trial Management Conference will be held at least 7 days before trial.

4. The Court expects lead counsel to attend the Trial Management Conference.

5. Counsel should be aware that when the Court has multiple trials ready to be tried on a particular date, the presence and timeliness of a TMO is one criterion used to determine priority.

## VII. <u>Interpretation Services</u>

1. If any party or witness requires an interpreter which the Court is required to provide under C.J.D. 06-03, you must notify the Courtroom Clerk of the need for the interpreter, the language needed, and the anticipated date and length of time interpretation is needed at least 91 days before the hearing or trial. Failure to do so may result in the Court's inability to schedule an interpreter and, if so, the hearing or trial may be continued, or the witness may be precluded from testifying.

2. Private interpreter services arranged by the parties are prohibited. The Court will provide certified court interpreter services.

## VIII. <u>Before Trial</u>

1. <u>Exhibits</u>: All exhibits must be pre-marked. Plaintiffs will use numbers; defendants will use letters. Plaintiffs and defendants shall not mix numbers and letters, even for related exhibits (e.g. 1(a), 1(b), 1(c), etc.).

2. C.R.C.P. 16(f)(2) requires that parties exchange draft exhibit lists and exhibits 42 days prior to trial; C.R.C.P. 16(f)(3)(IV)(B) requires that parties attach numbered exhibit lists to the Trial Management Order, which is submitted to the Court 28 days before trial. This Pre-Trial Order requires a final exchange of pre-marked exhibits no later than 14 days before trial. Parties who do not timely exchange exhibits and exhibit lists run the risk that presentation of the exhibits at trial may not be permitted.

3. Copies of exhibits must be exchanged as required by C.R.C.P. 16, and counsel shall determine whether an objection will be made as to the admissibility of the exhibit. Only where counsel has not had a reasonable opportunity to view an exhibit in advance will trial be interrupted for such a review.

4. Counsel must also provide two complete sets of paper exhibits, whether stipulated or not: 1 for the witness stand, and 1 for the use of the jury for exhibits that are not contained in the juror's notebooks.

5. Counsel shall provide an electronic copy of the exhibits for use by Court during the trial. Please do not provide the Court with paper copies of the exhibits unless that is the only way for the Court to view the exhibit. Counsel shall contact the Division Clerk or law clerk to provide a link for downloading the exhibits and jury instructions.

6. <u>Exhibit List</u>: Each counsel shall prepare an index of exhibits that counsel expects of offer, in a grid or spreadsheet format, that identifies with specificity the exhibit by number and description. The exhibit list shall specify whether or not the exhibit is received by stipulation, and shall allocate columns with the headings "Offered," "Received" and "Rejected".

7. <u>Witness lists</u>: Each counsel shall prepare a list of witnesses that will and may be called that the Court can read to the jury at the beginning of the trial and which are appropriate to be included in the juror notebooks. This list shall be in addition to any prior designation of witnesses. In addition to listing the names of the witnesses, the list may also specify the witnesses' title or degree and employment (e.g. Dr. Murray, M.D., Children's Hospital) but no other identifying information should be included (e.g. address, phone number etc.).

8. <u>Order of Proof</u>: Additionally, counsel shall confer and prepare a joint order of proof which identifies each counsel's good faith estimate of the order in which witnesses will be presented and shall specify separately the time required for direct and cross-examination of each witness. The time estimates must include re-direct. In no event may the cumulative time for witness examination exceed the time allocated for presentation of the trial; the total time allocation shall also account for the time necessary for jury selection, opening statements, regularly scheduled breaks, the jury instruction conference, and closing arguments. The Court reserves the right to enforce the time estimates stated in the order of proof.

9. The witness lists and order of proof shall be filed the day before the trial management conference.

10. <u>Depositions</u>: If counsel intends to use depositions in lieu of live testimony, said counsel must notify opposing counsel no later than 49 days prior to trial. Counsel must make objections to all or part of the offered deposition testimony no later than 28 days prior to trial and must cite page, line, and the specific evidentiary grounds supporting the objection. The same rules apply to both videotape and written depositions. When applicable, counsel is required to provide someone to read testimony.

Before trial begins, counsel must provide the Court with electronic copies of all depositions likely to be used at the trial, as either direct evidence or impeachment.

11. Special Equipment: The parties must be prepared to provide all audio-visual equipment they wish to use, including a projector, extension cords, monitors, or screen.

## IX. Trial Briefs

Trial briefs may be filed, although they are discouraged unless they address specific legal or evidentiary issues. Trial briefs should be concise, should not repeat previously filed arguments, and may be no longer than ten pages. Trial briefs are due no later than 14 days before trial.

## X. Proposed Findings Of Fact And Conclusions Of Law

For Court trials, the Court will address whether proposed Findings of Fact and Conclusions of Law are required, and the deadline for filing the same, at the Trial Management Conference. If the Court requires proposed Findings of Fact and Conclusions of Law, the parties should email the proposed findings to 02courtroom269@judicial.state.co.us in editable Microsoft Word format in addition to filing them.

## XI. Jury Instructions

1. Instructions and Verdict Forms: Parties must meaningfully confer on jury instructions, including a 2:1 Statement of the Case. If it is apparent to the Court that the parties have not meaningfully conferred, instructions will be returned to the parties for resubmission.

2. The proposed jury instructions shall be delivered electronically to the Court no later than 12:00 p.m., the Wednesday before the commencement of trial using the following email: 02courtroom269@judicial.state.co.us in editable Microsoft Word format in addition to filing them. Counsel shall arrange the instructions and verdict forms in the following folders:

   (a) Stipulated instructions
   (b) Plaintiff's tendered about which Defendant disagrees; and
   (c) Defendant's tendered about which Plaintiff disagrees.

   Please include a separate word file for each set of instructions. Do not combine all instructions in a single Word file. For example, in the stipulated instructions there shall be a separate word file for the 2:1 instruction, 3:1 instruction, 3:4 instruction and so on.

3. The parties shall agree upon a 2:1 simple statement of the case that the Court can read to the jury at the beginning of the trial. If the parties cannot agree, one 2:1 instruction shall be submitted with highlights on the language upon which the parties cannot agree.

## XII. Juror Notebooks

1. The court plans to seat at least one and possibly two alternate jurors unless the parties agree to proceed with 6 jurors. The information to be placed in the juror notebooks is set forth below. Items to be placed in the notebooks should be three-hole punched and printed on letter size paper (8 ½" x 11").

2. The Court provides 1", 3-ring binders for the jurors' use as notebooks during the trial. The notebooks contain paper so that the jurors can take notes, as well as introductory information regarding jury service, the courthouse and its environs.

3. Counsel shall provide eight copies of the following case-specific information for the notebooks: 1) a stipulated statement of the case; 2) a list of witnesses for each party; 3) the names of any attorneys who will be appearing; and 4) copies of exhibits with exhibit tabs that the parties agree can be included in the notebooks. The Court has also found the following information is useful to and appreciated by the jurors: 1) a list of stipulations reached by the parties; and 2) a glossary of technical or unusual terms that may be used during testimony.

4. Exhibits as they are admitted are generally not provided to the jurors during the course of the trial. Admitted exhibits will be provided to the jury in a single notebook at the time the jury begins deliberations. Counsel shall prepare a notebook with all admitted exhibits as the trial is proceeding so that the notebook can be provided to the jury when they begin deliberations.

## XIII. Jury Selection

1. The Court will conduct voir dire, including basic background questions, inquiry into biographical information and juror qualifications.

2. After the Court's voir dire, each side will normally have 20 minutes for voir dire, unless additional time is requested and permitted in advance of the first day of trial. In multi-party cases, time must be divided between all parties on one side of the case.

3. For most trials, there will be one alternate juror seated, but for lengthier trials, the Court may seat two alternate jurors. The Court will advise counsel on the first day of trial how the alternate will be designated.

4. Normally, challenges for cause will be exercised at the bench upon the conclusion of all parties' voir dire. Preemptory challenges will be exercised on a sheet of paper passed between counsel. After all preemptory challenges are exercised, counsel shall review the list and advise the Court if there is a *Batson* challenge before the Court releases the jurors.

## XIV. Trial Procedures

1. <u>The Trial Schedule</u>:

a. The trial day will start at 8:30 a.m. and end at 5:00 p.m. There will be a morning and an afternoon break of 15 to 20 minutes each. Lunch will normally run from approximately noon to 1:30 p.m.

b. Counsel and parties will be in court by 8:00 a.m. on the first day of trial and 8:15 a.m. thereafter so that counsel may discuss anything with the Court that needs to be dealt with before the trial begins.

c. It is the obligation of counsel to have witnesses scheduled to prevent any delay in the presentation of testimony or running out of witnesses before 5:00 p.m. on any trial day. Accordingly, there shall be no more than five minutes delay between witnesses.

2. Opening Statements: Each side will have 20 minutes for opening statement unless additional time is requested and granted.

3. Questioning Witnesses: The Court does not permit questioning beyond re-direct. All questioning must be done from the podium unless permission is granted to approach the witness.

4. Closing Arguments: The Court may impose limits on closing argument. In multiple-party cases, this time may be divided between the parties.

5. Juror questions will be permitted when all other questions have been asked. Counsel may ask brief follow-up questions after juror questions have been asked, but only as to issues raised by the juror's questions.

6. Objections:

   a. Make objections professionally: be brief, concise, and specific.
   b. Speaking objections are not permitted.
   c. Do not automatically respond to an objection; if I want a response to an objection before ruling on it, I will ask for one.

7. Audio-Visual Technology: If you intend to use any special equipment/technology such as video or audio recordings, movies, slides, PowerPoint or other computer-generated technology, you must provide it. You must contact my staff prior to the scheduled trial date to arrange the use of such technology.

   Any audio recordings shall be played over the Court sound system. Parties shall be responsible for bringing any and all electrical cables and audio connecting cables. Parties shall plug their audio playing device into an auxiliary input on the Court's lectern. The auxiliary input requires connection via a 1/8" headphone jack cable or RCA stereo jack cable. The Court will control the volume of the audio via its sound control panel.

8. Jury Instruction Conference: The Court and parties will work on jury instructions at least one evening during trial, as well as other breaks in the trial. Once the final

instructions are assembled, the Court will allow parties to make a record of their objections and to tender any additional proposed instructions.

9. Filing of Admitted Exhibits: The Court cannot maintain custody of exhibits at the conclusion of a trial or hearing. However, there must be a record of all exhibits offered and/or received in evidence. Accordingly:

   a. Each party will maintain in its custody any withdrawn exhibits and/or depositions, without modification of any kind, until 63 days after the time for the need of such exhibits for appellate or other review purposes has expired, unless all parties stipulate otherwise on the record or in writing. It will be the responsibility of the withdrawing parties to determine when the appropriate time period has expired.

   b. Electronic versions of all exhibits admitted into evidence and all exhibits offered but rejected must be electronically filed by the party which marked the exhibit within 7 days of the conclusion of the trial. Uploaded exhibits that were admitted into evidence must be in exactly the form they were in at the conclusion of the evidence, including any markings, notations, etc., added to the exhibit by any witness.

10. Use of Freelance Court Reporters: Use of freelance reporters in civil cases is governed by C.J.D. 05-03 (amended June 2021).

## XV. Settlement

The parties are to notify the Court within 24 hours of settlement or resolution of the case. All documents confirming settlement shall be filed not later than 21 days from the date of settlement

**SO ORDERED** this Thursday, June 4, 2026

**BY THE COURT:**



Andrew P. McCallin
District Court Judge

cc: All Counsel

# DISCOVERY PROTOCOL ORDER

Counsel are reminded that all discovery responses shall be made in the spirit and with the understanding that the purpose of discovery is to elicit facts and to get to the truth. The Colorado Rules of Civil Procedure are directed toward securing a just, speedy and inexpensive determination of every action. The discovery process shall not be employed to hinder or obstruct these goals nor to harass, unduly delay or needlessly increase the cost of litigation.

## WRITTEN DISCOVERY

These discovery protocols shall be considered as part of the responsibility of parties and counsel to comply with the Rules of Civil Procedure relating to discovery.

1. The parties should refrain from interposing repeated boilerplate type objections such as "overbroad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence" and other similar objections. In the event any such objections are made, they shall be followed by a clear and precise explanation of the legal and factual justification for raising such an objection. Additionally, if the objecting party otherwise responds to the discovery request but does so subject to or without waiving such an objection, that party shall describe with reasonable specificity the information which may be available, but which is not being provided as a result of the objection raised.

2. When a responding party claims not to understand either a discovery request or the meaning of any words or terms used in a discovery request, that party shall, within fourteen (14) days of receiving the discovery request, seek clarification of the meaning from counsel who served the discovery. A failure to seek such clarification shall be considered a violation of this Order for Discovery Protocol.

3. A discovery response which does not provide the information or material requested but promises to do so at some point in the future will be treated as the equivalent of no response unless the party so responding provides a specific reason for the information not being produced as required by the Rules of Civil Procedure, and also provides a specific date by which such information will be produced.

4. A response to a discovery request that does not provide the information or material requested but rather states that the party is continuing to look for or search for such information or material will be treated as the same as no response unless that party provides a clear description of where such information or material is normally located, who is normally in custody of such information or material, where the party has searched, the results of the search, as well as the identity of all persons who have engaged in such a search. The responding party shall also provide a clear explanation of the ongoing search and a specific date by which the search will be complete.

5. Whenever a party objects to discovery based upon a claim of attorney/client privilege, work product protection or any other privilege or protection, that party shall produce a detailed privilege/protection log that includes at least the following for each such item for which privilege is claimed:

   a. The information required by C.R.C.P. 26(b)(5);
   b. The date of the information or material;
   c. All authors and recipients; and
   d. The specific privilege or protection which is claimed.
   e. The proponent of the privilege has the burden of establishing that privilege. Failure to comply with this paragraph 5 and Order for Discovery Protocol will constitute a waiver of the claimed privilege.

6. **<u>For cases involved in CAPP</u>**, the parties are directed to the discovery rules promulgated in P.P.R. 6 and P.P.R. 9. These rules shall apply to all disputes involved in CAPP.

## <u>DEPOSITIONS</u>

1. Depositions shall be conducted in compliance with the Colorado Rules of Civil Procedure.

2. During all depositions, counsel shall adhere strictly to C.R.C.P. 30(d)(1) and (3). No objections may be made, except those which would be waived if not made under C.R.C.P. 32(d)(3)(B) (errors, irregularities), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the Court, or to present a C.R.C.P. 30(d)(3) motion (to terminate a bad faith deposition). Objections to form shall be stated: “Objection as to form.” Any further explanation is inappropriate and prohibited unless specifically requested by the attorney asking the question.

3. There shall be no speaking objections. It is inappropriate and prohibited for an attorney, during the course of questioning, to advise a witness to answer “if you know,” or “if you remember.” It is similarly prohibited for an attorney during questioning to advise a witness not to speculate. All such questions shall be considered speaking objections. All deponent preparation shall be conducted prior to the commencement of the deposition and shall not take place during the course of the deposition.

4. It is appropriate for the deponent to request clarification of a question. However, it is not appropriate for counsel to do so.

5. A deponent and an attorney may not confer during the deposition while questions are pending. Similarly, neither a deponent nor counsel for a deponent may interrupt a deposition when a question is pending or a document is being reviewed, except as permitted by C.R.C.P. 30(d)(1).

6. Counsel shall refrain from excessive objections that have the purpose or effect of disrupting the flow of questioning or the elicitation of testimony.

7. Counsel may instruct the deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion under paragraph 3 of C.R.C.P. 30(d). Whenever counsel instructs a witness not to answer a question, counsel shall state on the record the specific reason for such an instruction, the specific question, part of a question or manner of asking the question upon which counsel is basing the instruction not to answer the question.