**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

ROBERT CLARK, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

Case No. 1:26-cv-02974-SKC-CYC

EQUIFAX INFORMATION SERVICES, LLC and IXI CORPORATION,

Defendants.

---

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

---

By and through their undersigned counsel, Defendants Equifax Information Services, LLC ("EIS") and IXI Corporation ("IXI") (collectively, "Defendants") answer Plaintiff Robert Clark's First Amended Class Action Complaint, Dkt. 26.

Defendants deny all allegations in the First Amended Complaint, except those specific allegations expressly admitted herein, and deny any averments in the headings, subheadings, and footnotes of the First Amended Complaint. Defendants further respond to the specific allegations in the First Amended Complaint as follows:

### NATURE OF THE ACTION

1. The allegations in Paragraph 1 constitute legal conclusions to which no response is required. To the extent a response is required, the relevant legislative history and statutory language speak for themselves. By way of further response, Defendants deny the allegations in Paragraph 1 to the extent they mischaracterize the relevant legislative history or statutory language.

2. The first sentence of Paragraph 2 constitutes a legal conclusion to which no response is required. To the extent the first sentence requires a response, the relevant statutory language speaks for itself. By way of further response, Defendants deny the allegations in the first sentence of Paragraph 2 to the extent they mischaracterize the relevant statutory language. The remainder of Paragraph 2 does not contain factual allegations to which a response is required. To the extent the remainder of Paragraph 2 requires a response, the quoted language speaks for itself. By way of further response, Defendants deny the allegations in the remainder of Paragraph 2 to the extent Plaintiff mischaracterizes the quoted language. Defendants deny any remaining allegations in Paragraph 2.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 3 and therefore deny them on that basis. The remainder of Paragraph 3 does not contain factual allegations to which a response is required. To the extent the remainder of Paragraph 3 requires a response, the information contained in the cited sources speaks for itself. By way of further response, Defendants deny the allegations in the remainder of Paragraph 3 to the extent Plaintiff mischaracterizes any information contained in the cited sources. Defendants deny any remaining allegations in Paragraph 3.

4. The allegations in Paragraph 4 constitute legal conclusions to which no response is required. To the extent a response is required, the relevant legislative history and statutory language speak for themselves. By way of further response,

Defendants deny the allegations in Paragraph 4 to the extent they mischaracterize the relevant legislative history or statutory language.

5. Paragraph 5 does not contain factual allegations to which a response is required. To the extent Paragraph 5 requires a response, the relevant statutory language speaks for itself. By way of further response, Defendants deny the allegations in Paragraph 5 to the extent they mischaracterize the relevant statutory language.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants deny the allegations in the first sentence of Paragraph 8. The remainder of Paragraph 8 does not contain factual allegations to which a response is required. To the extent the remainder of Paragraph 8 requires a response, the information contained in the cited sources speaks for itself. By way of further response, Defendants deny the allegations in the remainder of Paragraph 8 to the extent Plaintiff mischaracterizes any information contained in the cited sources. Defendants deny any remaining allegations in Paragraph 8.

9. Defendants admit that Plaintiff purports to bring this action to recover damages from Defendants pursuant to Colo. Rev. Stat. § 6-1-305(1)(c). Defendants deny that Plaintiff's claims have merit and deny that Plaintiff is entitled to any relief. Defendants deny the remaining allegations in Paragraph 9.

## PARTIES

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first three sentences of Paragraph 10 and therefore deny them on that basis. Defendants deny the allegations in the fourth and final sentence of Paragraph 10.

11. Defendants deny the allegations in the first sentence of Paragraph 11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 11 and therefore deny them on that basis. As for the third sentence, Defendants admit that Equifax Information Services, LLC offers the BusinessConnect for Marketing; Contact and Locate; Digital Identity Trust; FirstSearch; and TargetPoint Alerts products. Defendants specifically deny that these products are "directories" and deny any remaining allegations in the third sentence of Paragraph 11. Defendants deny the allegations in the fourth sentence of Paragraph 11.

12. Defendants deny the allegations in the first sentence of Paragraph 12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 12 and therefore deny them on that basis. As for the third sentence, Defendants admit that IXI Corporation offers the Marketing Identity Elements product. Defendants specifically deny that the Marketing Identity Elements product is a "directory" and deny any remaining allegations in the third sentence of Paragraph 12. Defendants deny the allegations in the fourth sentence of Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

## JURISDICTION AND VENUE

14. The allegations in Paragraph 14 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d), but reserve the right to challenge Plaintiff's and/or the putative class members' Article III standing at the appropriate time. Defendants deny the remaining allegations in Paragraph 14.

15. The allegations in Paragraph 15 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15.

16. The allegations in Paragraph 16 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants do not contest that venue is proper in this District, which is the judicial district embracing the court in which this action was pending at the time of removal. Defendants deny the remaining allegations in Paragraph 16.

## COMMON FACTUAL ALLEGATIONS

### I. Overview of Defendants' Directories

17. The allegations in Paragraph 17 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in the first two sentences of Paragraph 18. The remaining sentences of Paragraph 18 purport to quote a third-party publication that neither describes nor refers to Defendants or to any product or service offered by Defendants; that publication speaks for itself, and Defendants deny

the allegations in Paragraph 18 to the extent Plaintiff characterizes the quoted material as describing Defendants or any of their products or services. Defendants further deny that Plaintiff's quotation accurately or completely reflects the referenced publication to the extent Plaintiff misquotes, misstates, mischaracterizes, or decontextualizes it. Defendants deny any remaining allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

## II. Defendants' Conduct Harms Coloradans

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and therefore deny them on that basis.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and therefore deny them on that basis.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore deny them on that basis.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and therefore deny them on that basis.

27. Defendants deny the allegations in the first sentence of Paragraph 27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 27 and therefore deny them on that basis. As to the remaining sentences of Paragraph 27, the quoted language speaks for itself, and Defendants deny the allegations to the extent they mischaracterize the quoted language. Defendants deny any remaining allegations in Paragraph 27.

**CLASS ALLEGATIONS**

28. Defendants admit that Plaintiff purports to bring this case as a class action. Defendants deny that the putative class is properly defined and deny that class certification is appropriate in this case. Defendants deny the remaining allegations in Paragraph 28.

29. Paragraph 29 does not contain factual allegations to which a response is required. To the extent Paragraph 29 requires a response, Defendants admit that Plaintiff purports to reserve the right to modify the putative class definition, but deny that the putative class is properly defined and deny that class certification is appropriate in this case.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and therefore deny them on that basis.

34. Defendants deny the allegations in Paragraph 34.

## CAUSES OF ACTION

### COUNT 1: Violation of the Prevention of Telemarketing Fraud Act, Colo. Rev. Stat. § 6-1-304(4)(a)(I)

35. Defendants incorporate their responses to Paragraphs 1–34.

36. Defendants admit that Plaintiff purports to bring this claim individually and on behalf of the proposed class. Defendants deny that Plaintiff's claim has merit, that the putative class is properly defined, and that class certification is appropriate in this case.

37. Paragraph 37 does not contain factual allegations to which a response is required. To the extent Paragraph 37 requires a response, the relevant statutory language speaks for itself. By way of further response, Defendants deny the allegations in Paragraph 37 to the extent they mischaracterize the relevant statutory language.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Paragraph 45 does not contain factual allegations to which a response is required. To the extent Paragraph 45 requires a response, Defendants admit that Plaintiff seeks the relief listed in Paragraph 45 but deny that either Plaintiff or any putative class member is entitled to any relief from Defendants in this action. Defendants deny any remaining allegations in Paragraph 45.

## PRAYER FOR RELIEF

Answering the allegations in Plaintiff's prayer for relief, Defendants deny that this case is suitable for class treatment. Defendants deny that Plaintiff and the putative class are entitled to any relief whatsoever. Defendants deny the remaining allegations in the Prayer for Relief, including all subparts.

## JURY DEMAND

Defendants hereby demand a trial by jury.

## DEFENSES

### FIRST DEFENSE

Plaintiff's First Amended Complaint fails, in whole or in part, to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims against Defendants fail because federal law, including the federal Fair Credit Reporting Act ("FCRA") and Gramm-Leach-Bliley Act ("GLBA"), expressly and impliedly preempts Colo. Rev. Stat. § 6-1-304(4)(a)(I) as interpreted by Plaintiff.

**THIRD DEFENSE**

Plaintiff's claims and the claims of putative class members are barred to the extent they are untimely under the applicable statute of limitations.

**FOURTH DEFENSE**

Plaintiff's claims and those of the putative class members are barred by the doctrine of laches.

**FIFTH DEFENSE**

The claims alleged in the First Amended Complaint may not be properly certified or maintained as a class action. Plaintiff has failed to allege adequately all the elements necessary to establish a valid class action under Rule 23 of the Federal Rules of Civil Procedure.

**SIXTH DEFENSE**

Plaintiff's request for injunctive relief is improper and overbroad, including because Plaintiff fails to allege facts supporting that there is a threat of immediate, imminent, or continuing harm.

**SEVENTH DEFENSE**

Plaintiff's claims fail because the Prevention of Telemarketing Fraud Act, Colo. Rev. Stat. § 6-1-301, et seq., does not reach Defendants' conduct. The Act regulates "commercial telephone sellers" engaged in "commercial telephone solicitation," and Defendants are neither and do not engage in such solicitation. Defendants further did not "list" any "cellular telephone number" in a "directory" "for a commercial

purpose," and did not act "knowingly," within the meaning of Colo. Rev. Stat. § 6-1-304(4)(a)(I).

## EIGHTH DEFENSE

To the extent the evidence in this case reveals that Plaintiff's claims or the claims of putative class members are barred by the doctrines of res judicata or collateral estoppel, Defendants assert that such doctrines bar the claims of Plaintiff and the putative class members in this action.

## NINTH DEFENSE

Plaintiff's claims fail because Colo. Rev. Stat. § 6-1-304(4)(a)(I), as interpreted by Plaintiff, is a content-based restriction on truthful, lawfully obtained information that violates the free-speech guarantees of the First Amendment to the United States Constitution and Article II, Section 10 of the Colorado Constitution.

## TENTH DEFENSE

Colo. Rev. Stat. § 6-1-304(4)(a)(I), as interpreted by Plaintiff, is unconstitutionally vague and deprives Defendants of due process of law because it fails to give regulated parties fair notice of what is prohibited, including because the terms "list," "directory," and "commercial purpose" are undefined.

## ELEVENTH DEFENSE

Colo. Rev. Stat. § 6-1-304(4)(a)(I), as interpreted by Plaintiff, is unconstitutionally overbroad. It reaches any "person" who "lists" the cellular telephone number of any individual—Coloradan or not—for any "commercial purpose," however attenuated from telemarketing fraud. It is also impermissibly

underinclusive, reaching only commercial listings while leaving untouched other channels distributing the same information.

## TWELFTH DEFENSE

Plaintiff's claims and those of the putative class members are barred, in whole or in part, to the extent the persons whose cellular telephone numbers are alleged to have been listed gave affirmative consent to such listing, or to the extent the alleged conduct relates to a preexisting commercial relationship within the meaning of Colo. Rev. Stat. § 6-1-304(4)(b).

## THIRTEENTH DEFENSE

Plaintiff and the putative class may not recover statutory penalties on a class-wide basis. Under Colo. Rev. Stat. § 6-1-113(2.9), a successful plaintiff in a certified class action may recover only actual damages, injunctive relief allowed by law, and reasonable attorneys' fees and costs. Plaintiff pleads no actual damages.

## FOURTEENTH DEFENSE

Plaintiff and/or members of the putative class suffered no actual injury-in-fact that is fairly traceable to Defendants' alleged conduct and otherwise lack Article III standing to prosecute their claims in this Court.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because Colo. Rev. Stat. § 6-1-304(4)(a)(I), as interpreted by Plaintiff, violates the Commerce Clause of the United States Constitution. Colo. Rev. Stat. § 6-1-304(4)(a)(I) as so construed has impermissible extraterritorial reach, including because it regulates commercial activity occurring

outside Colorado's borders and imposes burdens on interstate commerce that are clearly excessive in relation to any putative local benefit.

**SIXTEENTH DEFENSE**

Plaintiff has failed to establish that this Court can properly exercise general or specific personal jurisdiction over either Defendant. Neither Defendant is incorporated in nor maintains its principal place of business in Colorado, neither specifically targets or directs its commercial activities toward Colorado, and Plaintiff's claims and the putative class members' claims do not arise out of or relate to any contacts either Defendant has with Colorado.

***

Defendants hereby give notice that they intend to rely upon any other defense that may become available or appear during the proceedings in this case, including defenses that may apply to any unnamed members of the putative class that Plaintiff seeks to represent, and hereby reserve their rights to amend this Answer and Defenses to assert any such defense.

WHEREFORE, Defendants request that judgment be entered in their favor, that the claims asserted in the First Amended Complaint be dismissed with prejudice, and that the Court grant Defendants such other relief as may be just and proper, including, but not limited to, an award of costs.

Respectfully submitted this 15th day of September, 2026.

*/s/ Zachary A. McEntyre*
Zachary A. McEntyre
John C. Toro
James Matthew Brigman

**KING & SPALDING LLP**
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Email: zmcentyre@kslaw.com
Email: jtoro@kslaw.com
Email: mbrigman@kslaw.com

Angela Tarasi
**KING & SPALDING LLP**
1401 Lawrence Street, Suite 1900
Denver, CO 80202
Telephone: (720) 535-2300
Email: atarasi@kslaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I, Zachary A. McEntyre, certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on September 15, 2026.

*/s/ Zachary A. McEntyre*
Zachary A. McEntyre